IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MEEGAN KIDD N/K/A MEEGAN HYATT
ALPHIN,

       Petitioner,

 v.                                 Case No. 5D17-137

JON KIDD,

       Respondent.

_____/

Opinion filed June 16, 2017

Petition for Certiorari Review of Order from
the Circuit Court for Brevard County,
Tonya B. Rainwater, Judge.

Richard J. Feinberg, of Law Office of
Richard J. Feinberg, Indialantic, for
Petitioner.

Valerie Towery Weaver, of The Loris Law
Group, Viera, for Respondent.


PER CURIAM.

     Meegan Alphin ("Petitioner") petitions for a writ of certiorari to review a trial court

order disqualifying her attorney, Richard Feinberg, from representing her during a family

law proceeding involving her former husband, Jon Kidd ("Respondent"). The trial court

held a hearing on Respondent's motion to disqualify Feinberg and entered the order

under review.

We grant Petitioner's petition for writ of certiorari on the grounds that the trial court departed from the essential requirements of the law when it failed to apply Rule of Professional Conduct 4-1.18 to this determination. Failure to apply this rule properly has caused irreparable injury that cannot be remedied on appeal. Rule 4-1.18(c) provides that, even if no attorney-client relationship ensues following a consultation, an attorney "may not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter." The trial court found credible Feinberg's testimony that no confidential information was divulged during the prospective client consultation that could harm or disadvantage Respondent. Accordingly, pursuant to Rule 4-1.18, Feinberg is not prohibited from representing Petitioner in these proceedings.

The trial court relied upon State Farm Mutual Automobile Insurance Co. v. K.A.W., 575 So. 2d 630 (Fla. 1991), and Metcalf v. Metcalf, 785 So. 2d 747 (Fla. 5th DCA 2001), in rendering the order under review. However, these cases are clearly distinguishable from the instant case because it was uncontested in both that confidential information was exchanged.

We grant the petition for writ of certiorari and quash the trial court's order disqualifying Feinberg from representing Petitioner.

WRIT GRANTED, ORDER QUASHED.

COHEN, C.J., and SAWAYA and LAMBERT, JJ., concur.